**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-325-RJC-DCK**

| | |
|---|---|
| STEVEN P. LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **MEMORANDUM AND** |
| | )     **RECOMMENDATION** |
| MCLEOD ADDICTIVE DISEASE | ) |
| CENTER, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss" (Document No. 4). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for review. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

### I. BACKGROUND

Steven P. Lee ("Plaintiff"), appearing *pro se*, initiated this action with the filing of a "Complaint (Verified)" on May 15, 2014, in the Superior Court of Mecklenburg County, North Carolina. (Document No. 1-1). The Complaint asserts claims for discrimination pursuant to 42 U.S.C. § 1981 and N.C.Gen.Stat. § 168A-7 against McLeod Addictive Disease Center, Inc. ("Defendant"). (Document No. 1-1, pp.7-8).

Defendant filed a "Notice Of Removal" (Document No. 1) with this Court on June 18, 2014, pursuant to "Federal Question Jurisdiction (28 U.S.C. § 1331)." "Defendant's Motion To Dismiss" (Document No. 4) was then filed on July 14, 2014. Defendant contends that this action should be dismissed pursuant to Fed.R.Civ.P. 12 (b)(6). (Document No. 4).

The undersigned issued an "Order" (Document No. 7) in accordance with Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975), advising *pro se* Plaintiff of his right to respond to Defendant's motion and that failure to file a timely and persuasive response would likely lead to the dismissal of this lawsuit. To date, Plaintiff has failed to file a response to the pending motion and the time to do so has lapsed. See Local Rule 7.1 (E).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

2

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986).  The court "should view the complaint in the light most favorable to the plaintiff."  Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III.  DISCUSSION

The undersigned finds "Defendant's Motion To Dismiss" (Document No. 4) and "Defendant's Memorandum In Support Of Its Motion" (Document No. 5) to be well-reasoned and supported by applicable authority.  Defendant's arguments assert that Plaintiff:

1. Failed to exhaust administrative remedies prior to commencing litigation, as required by 42 U.S.C. §1997e(a), the Prison Litigation Reform Act ("PLRA");

2. Failed to allege discrimination based on race in violation of 42 U.S.C. §1981;

3. Failed to allege intentional discrimination in violation of 42 U.S.C. §1981;

4. Failed to allege that the alleged discrimination concerned one or more of the activities enumerated by 42 U.S.C. §1981;

5. Failed to allege that the Plaintiff is disabled under N.C.G.S. §168A-3(7a) the Persons With Disabilities Protection Act because he is not substantially limited from performing a major life activity;

6. Failed to allege that the Plaintiff had a history of impairment or was regarded as having a disability;

7. Attached at least one document to the Complaint which is incomplete and which does not accurately portray the facts as asserted by Plaintiff in his complaint;  and

> 8. Attached exhibits to the Complaint which contradict asserted allegations made in the Complaint.

(Document No. 4, pp.1-2; Document No. 5).

Plaintiff's failure to file any response to Defendant's arguments, and failure to request an extension of time to file a response, suggest that Plaintiff has abandoned his claims in this action. Under these circumstances, the undersigned will recommend that this matter be dismissed.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss" (Document No. 4) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: August 4, 2014

David C. Keesler
United States Magistrate Judge